IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY JOE FERGUSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2290 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ON DISMISSAL

State inmate Bobby Joe Ferguson, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 state court conviction.

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

Petitioner reports that he was convicted on June 24, 2003, and that the conviction was affirmed on April 21, 2005. Petitioner reports that no further state action was taken until the filing of this federal habeas petition on April 4, 2007. Accordingly, petitioner's conviction became final for purposes of AEDPA on May 21, 2005 and the one-year limitation expired on May 21, 2006. The instant habeas petition shows on its face that it is barred by limitations.

In his response to the Court's show cause order, petitioner argues that (1) he had no knowledge of the AEDPA statute of limitations; (2) his appellate counsel failed to help him post-appeal; and (3) his legal documents were lost during his transfer to another unit in September of 2005. The Court construes these arguments as a request for equitable tolling. The one-year AEDPA limitation period is subject to equitable tolling in rare and exceptional cases. *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The Fifth Circuit has held that equitable tolling applies principally where a petitioner is actively misled by the other party

about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner's arguments in the instant case fail to support a claim for equitable tolling. *See Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, illiteracy, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights, and fails to show rare and exceptional circumstances justifying equitable tolling in this case.

Accordingly, the petition for habeas relief is DENIED and this case is DISMISSED with prejudice as barred by limitations. Petitioner has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on August 20, 2007.

_____
Gray H. Miller
United States District Judge